**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,      )<br>       )<br>Plaintiff,      )<br>       )<br>v.      )<br>       )<br>SAMSUNG ELECTRONICS CO., LTD.,      )<br>SAMSUNG ELECTRONICS AMERICA, INC.,      )<br>SAMSUNG TELECOMMUNICATIONS      )<br>AMERICA, LLC, SAMSUNG AUSTIN      )<br>SEMICONDUCTOR, LLC, AND      )<br>OKI DATA AMERICAS, INC.      )<br>       )<br>Defendants.      ) | C.A. No. 6:12-cv-398-LED |

**OKI DATA AMERICAS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV.**
**P. 12(b)(6) FOR FAILURE TO STATE A CLAIM AND FOR IMPROPER JOINDER**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 35 U.S.C. § 299, Fed. R. Civ. P. 21, Defendant

Oki Data Americas, Inc. ("Oki Data") hereby moves to dismiss U.S. Ethernet Innovation, LLC's

complaint against Oki Data for improper joinder and failure to state a claim upon which relief

can be granted.  The grounds for this motion are fully set forth below, and a proposed order has

been filed concurrently herewith.

## I.      INTRODUCTION

U.S. Ethernet Innovations, LLC ("USEI") has accused Samsung Electronics Co., Ltd.,

Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung

Austin Semiconductor, LLC (collectively, "Samsung"), and Oki Data of patent infringement in

the above-captioned civil action.  (D.I. 1).  Aside from USEI's allegation that Samsung and Oki

Data have infringed the same patents, the only apparent basis for USEI's joinder of Samsung and

Oki Data is USEI's inaccurate assertion that the accused Oki Data products incorporate an accused Samsung product.

Because USEI failed to adequately plead infringement against Oki Data, USEI has failed to state a claim upon which relief can be granted.  Thus, USEI's claims against Oki Data should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, the misjoinder provision of the America Invents Act (the "AIA"), precludes joinder "based solely on allegations that [defendants] each have infringed the patent or patents in suit."  35 U.S.C. § 299(b).  Thus, Oki Data should be dismissed from this action pursuant to Fed. R. Civ. P. 21 ("Rule 21").

## II.   STATEMENT OF ISSUES TO BE DECIDED

To decide Oki Data's motion, the Court must decide three issues:

1.   Whether USEI has failed to state a claim for patent infringement against Oki Data;

2.   Whether joinder of Samsung and Oki Data in this action was improper under the misjoinder provision of the AIA; and

3.   If the Court decides that joinder was improper, the Court must determine the appropriate remedy.

## III.   FACTUAL BACKGROUND

Oki Data is a New Jersey-based supplier of printers and printer supplies.[1]  Samsung is an international electronics company that manufactures and sells a broad range of products,

---

[1]   Oki Data Americas, Inc. is a wholly owned subsidiary of Oki Data Corporation (Japan). *OKI Data Americas Background*,  http://www.okidata.com/mkt/html/nf/Background.html  (last visited Aug. 22, 2012).

including printers, televisions, telephones, cameras, computer components, and kitchen appliances.[2]  Samsung and Oki Data are direct competitors in the printer industry.

On June 22, 2012, USEI sued Samsung and Oki Data for patent infringement, accusing several products that allegedly "employ[] Ethernet technology[.]"  (D.I. 1 at ¶¶16-17).  Alone, this allegation is not sufficient to support joinder of these unrelated companies.  The Oki Data products accused of infringement are "the Oki Data Microline network printers and/or the OKIPOS 407ii point of service printer" (the "Oki Data Accused Products") (*Id.* at ¶16).  The allegedly infringing Samsung products are a Samsung printer, a Samsung IP telephone, "and/or a Samsung IP telephone system (the "Accused Samsung Products").  (*Id.* at ¶17).  USEI also suggests that "the Samsung S3C2510 and/or S3C4510 System-on-Chips" (the "Accused Samsung Chips") infringe when used "alone or functionally integrated into host systems (such as one or more of the [Accused Samsung Products] and/or the [Oki Data Accused Products.])." (*Id.*).  USEI's only allegation of any connection between Samsung and Oki Data is USEI's passing reference to the Accused Samsung Chips, which USEI implies are "functionally integrated into" the Oki Data Accused Products.  (D.I. 1 at ¶17).  USEI offers no facts to support its allegation that these chips are used in any Accused Oki Data Printer.  This is unsurprising, as this allegation is false – the Oki Data Accused Products do not use *any* Samsung System-on-Chips, accused or otherwise.  (Exh. A).

## IV.    ARGUMENT

USEI has failed to state a claim for infringement against Oki Data.  USEI's complaint fails to allege infringement by any specific Oki Data Product and where it does make allegations

---

[2]      *Samsung Business Area*, http://www.samsung.com/us/aboutsamsung/ourbusinesses/businessarea.html (last visited Aug. 22, 2012).

about the accused products, they are conclusory, threadbare, and unsupported by facts.  Thus, USEI's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

USEI's complaint should also be dismissed under the joinder provision of the AIA.  USEI's allegation that Samsung and Oki Data have infringed the same patents is insufficient to establish joinder under the AIA.  35 U.S.C. § 299(b).  To join accused infringers, the AIA requires that the allegations arise "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling **of the same accused product or process**[.]"  *Id.* § 299(a)(1) (emphasis added).  The AIA also requires that "questions of fact common to all defendants . . . will arise in the action."  *Id.* § 299(a)(2).  Because USEI has failed to plead any factual support for its conclusory assertion that the Oki Data Accused Products incorporate the Accused Samsung Chips, and because this statement is factually incorrect, this assertion should be disregarded.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even if USEI's assertion were accepted as true, however, USEI has failed to plead any facts that suggest that the accused products of Samsung and Oki Data are "the same" or that there will be questions of fact common to Samsung and Oki Data.  Thus, joinder of Samsung and Oki Data was improper under the AIA, and the proper remedy under Rule 21 is dismissal of Oki Data.

### A.  USEI Has Failed to State a Claim Upon Which Relief Can Be Granted.

USEI has failed to state a claim of infringement against Oki Data.  Therefore, USEI's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

To state a claim upon which relief can be granted, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 556 U.S. at 570).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must assume the truth of all "well-pleaded factual allegations," the Court may disregard "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 678-79.  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  With regard to claims of patent infringement, a patent holder must at least identify an accused product and allege that it infringes the patent-in-suit. *See* Fed. R. Civ. P. Form 18.

In its complaint, USEI defines the Oki Data Microline network printers and the Oki Data OKIPOS 407ii point of service printer as the "Oki Data Accused Products."  (D.I. 1 at ¶16.)  The basis for accusing these products of infringing, as laid out in the next paragraph of the complaint, appears to be that certain Samsung "System-on-Chips" are allegedly "functionally integrated into" the Oki Data Accused Products.  (*Id.* at ¶17.) This alleged relationship apparently forms the basis for naming Samsung and Oki Data as co-defendants.  However, as set forth in the accompanying declaration, the Oki Data Accused Products do not contain any Samsung System-on-Chips.  (Ex. A ¶¶ 3-8.) Thus, the complaint fails to state a claim upon which relief can be granted and, at a minimum, should be dismissed for improper joinder under 35 U.S.C. § 299.

Although USEI defines certain products as "Oki Data Accused Products," it never specifically alleges that the Oki Data Accused Products "infringe" the claims of the Patents-in-Suit.  Instead, USEI states that certain Oki Data products "embody one or more claims of the Patents-in-Suit," and that those unnamed products may include "technology *similar to* that found" in the Oki Data Accused Products.  (D.I. 1 at ¶16 (emphasis added).)  However, "similar

to" is not even sufficient to prove infringement under the doctrine of equivalents, let alone literal infringement.  This allegation cannot therefore be the basis for a plausible claim for relief.

Likewise, USEI never directly alleges that the Samsung System-on-Chips are functionally integrated into the Oki Data Accused Products (or even that the System-on-Chips infringe the Patents-in-Suit).  Instead, USEI obliquely suggests that this is the case, and that this is the basis for a relationship between Oki Data and Samsung.  (D.I. 1 at ¶17.).  Even assuming *arguendo* USEI had actually alleged that the Samsung System-on-Chips were "functionally integrated" into the Oki Data Accused Products, USEI sets forth no facts that would support such an allegation.  For example, USEI does not specifically allege which of the Samsung System-on-Chips is allegedly integrated into which Oki Data Accused Product, or how they are allegedly "functionally integrated."

USEI's complaint fails to allege, *inter alia*, that: (1) the Oki Data Accused Products infringe the Patents-in-Suit; (2) the Samsung System-on-Chips infringe the Patents-in-Suit; or (3) there is any connection between the Samsung System-on-Chips and the Oki Data Accused Products.  Moreover, what allegations USEI does manage to make are unsupported by any factual content, and therefore the complaint does not state a plausible claim for relief against Oki Data.  Although this 12(b)(6) motion stands on its own apart from the declaration attached as Exhibit A, the fact that the Samsung System-on-Chips are not in fact incorporated into the Oki Data Products throws into sharper focus the failure of USEI to state a claim of infringement with respect to these products. USEI's claims against Oki Data should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B.  Oki Data Should Be Dismissed for Improper Joinder.

#### 1.  USEI's Alleged Connection Between Samsung and
Oki Data Should Be Disregarded As Conclusory and False.

To join accused infringers under the AIA, the accused products must be the same, not merely similar.  *Motorola Mobility, Inc. v. Apple Inc.*, C.A. No. 1:12-cv-20271-RNS, 2012 WL 3113932, at *4 (S.D. Fla. July 31, 2012).  *See also Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, C.A. No. 6:11-CV-495, 2012 WL 3307942, at *2 (E.D. Tex. Aug. 10, 2012) (even for pre-AIA claims, "[t]hat the accused products or processes of the defendants are similar is not enough.").  "Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20."  *Motorola Mobility*, 2012 WL 3113932, at *4.

In *Motorola Mobility*, Motorola Mobility, Inc. ("Motorola") sued Apple Inc. ("Apple") for patent infringement.  *Id.* at *1.  Apple, in its counterclaims for patent infringement, sued both Motorola and various HTC entities ("HTC") based on allegedly infringing features of the Android operating system used on Motorola's and HTC's mobile devices.  *Id.*  Specifically, Apple alleged that "'[its] infringement case includes claims against specific software . . . that is present in the same form on both HTC's and Motorola's accused devices.'" [3]  *Id.* at *4 (quoting Apple's Responsive Brief).  The court found that the accused devices were not "the same" under the AIA.  *Id.*  The court noted that, "[i]n passing the AIA, Congress adopted the majority construction of Rule 20[,]" under which accused infringers may not be joined solely on the basis that they manufacture or sell allegedly similar products.  *Id.* (citing *Rudd v. Lux Prods. Corp.*, C.A. No. 09-cv-6957, 2011 WL 148052, at*3 (N.D. Ill. January 12, 2011); H.R. Rep. No. 112-

---

[3]      For example, Apple alleged in its counterclaims that Motorola and HTC infringed "through their production, use, importation, offer for sale and/or sale of the Android software platform and mobile devices including that platform and having the Android Market or Google Play application installed thereon."  *Motorola Mobility*, C.A. No. 1:12-cv-20271-RNS at D.I. 27, ¶246.

98, pt. 1, at 55 n.61).  Thus, it is insufficient to allege that accused infringers "used the same patented invention in different products, in competing products, or in products that were related in some technical aspect."  *Id.*  Because "HTC and Motorola are competitors in the smartphone industry and produce different smartphones that run on at least somewhat modified Android software[,]" the court held that "[t]he mere use of the Android platform by these competitors, and the mere allegation that the same or similar patents were infringed, does not satisfy the joinder standards of the AIA."  *Id.*

The only connection between Samsung and Oki Data alleged in the complaint is USEI's false and conclusory assertion that the Accused Samsung Chips are "functionally integrated into" the Oki Data Accused Products.  (D.I. 1 at ¶17).  USEI has failed to plead any factual support for this conclusory assertion, and therefore it should be disregarded.  *See Iqbal*, 556 U.S. at 678 (a court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This assertion should also be disregarded because it is factually incorrect.  The Oki Data Accused Products do not, in fact, incorporate the Accused Samsung Chips.  (Exh. A).[4]  Once these false allegations are disregarded, the only remaining connection alleged between Samsung and Oki Data in the complaint is the allegation that they both infringe the same patents.  This is insufficient to establish joinder under the AIA, and thus joinder is improper.  35 U.S.C. § 299(b)

---

[4]     Factual declarations can be helpful in determining whether accused products are "the same" under the AIA.  For example, in *Motorola Mobility*, HTC relied on a declaration from its Vice President of Product Management to establish the existence of different implementations of the Android operating system on HTC devices.  *Motorola Mobility*, C.A. No. 1:12-cv-20271-RNS at D.I. 83-1.

("[A]ccused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit.").

### 2.   USEI Has Failed to Adequately Plead Either of the AIA's Joinder Requirements.

Even if USEI's alleged connection between the Oki Data Accused Products and the Accused Samsung Chips were accepted as true, USEI has failed to plead any factual support for the proposition that the Oki Data Accused Products are "the same" as the Accused Samsung Chips or the Accused Samsung Products incorporating those chips.   Under Fed. R. Civ. P. 8, USEI is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In *Motorola Mobility*, the court found that devices incorporating a common operating system with common features were not "the same" because "HTC and Motorola are competitors in the smartphone industry and produce different smartphones that run on at least somewhat modified Android software."  *Motorola Mobility*, 2012 WL 148052, at *4.  Like Motorola and HTC in the smartphone business, Samsung and Oki Data are direct competitors in the printer industry.  This competitive relationship suggests that the companies' respective products are *not* the same, regardless of whether they employ similar technology.  As the *Motorola Mobility* court held, if two companies employ different implementations of the same Android software on different devices, then those devices are not the same products under the AIA.  *Id.*  Likewise, if two companies employ different implementations of similar chips on different printers, then those printers are not the same.  USEI has not alleged any facts that would enable the Court to draw a reasonable inference that the Oki Data Accused Products are the same as the Accused Samsung Chips or the Accused Samsung Products.

Likewise, USEI has failed to plead any facts to suggest that "questions of fact common to all defendants will arise in the action." 35 U.S.C. § 299(a)(2).  If USEI's infringement contentions are based upon particular implementations of the Accused Samsung Chips in the various accused products, rather than features of the Accused Samsung Chips themselves, then facts relevant to each defendant will be unique to that defendant's products.  Thus, USEI has not alleged facts to allow the Court to draw a reasonable inference that questions of fact common to Samsung and Oki Data will arise in this action.  *See Iqbal*, 556 at 678 (citing *Twombly*, 550 U.S. at 556).

### 3.   The Proper Remedy for USEI's Misjoinder Is Dismissal of Oki Data.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  When parties have been improperly joined, courts have relied on Rule 21 to dismiss all of the improperly joined parties except for the first-named defendant.  *See, e.g.*, *DirecTV, Inc. v. Armellino*, 216 F.R.D. 240, 240-41 (E.D.N.Y. 2003).  Rule 21 also provides the remedy of severance.  *See, e.g.*, *Motorola Mobility, Inc. v. Tivo, Inc.*, C.A. No. 5:11-CV-53-JRG, 2012 WL 2935450, at *2 (E.D. Tex. July 18, 2012).

Although severance may be the appropriate remedy in situations where the plaintiff alleges that the accused infringers are independently culpable, dismissal is the appropriate remedy here because USEI's infringement allegations against Oki Data appear to be based on USEI's misunderstanding of the Oki Data Accused Products.  If USEI's allegations against Oki Data are solely based on the mistaken belief that the Oki Data Accused Products incorporate the Accused Samsung Chips, then USEI has no basis for alleging infringement against Oki Data.  Thus, severance would improperly result in pending infringement claims against Oki Data that could not have been brought otherwise.  Dismissal, on the other hand, would allow USEI to

evaluate whether it has an independent factual basis for its allegations against Oki Data in accordance with its obligations under Fed. R. Civ. P. 11.

### V.     <u>CONCLUSION</u>

For the foregoing reasons, Oki Data respectfully requests that the Court dismiss the complaint against Oki Data.

Respectfully submitted,

Dated: August 22, 2012

Michael Charles Smith
SIEBMAN BURG PHILLIPS & SMITH, LLP
P O Box 1556
Marshall, TX 75671-1556
Phone: (903) 938-8900
Fax: (972) 767-4620
michaelsmith@siebman.com

Marc R. Labgold
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive
Suite 110
Reston, VA 20191
Telephone:  703.901.8860
Email: mlabgold@labgoldlaw.com

*Attorneys for Oki Data Americas, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 22nd day of August, 2012.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

Michael C. Smith