**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **No. 6:12cv398 MHS-JDL** |
| | § | |
| **SAMSUNG ELECTRONICS CO., LTD.,** | § | **JURY DEMANDED** |
| **et al.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Oki Data Americas, Inc.'s ("Oki Data") Motion to Dismiss Plaintiff's Claims Pursuant to FED.R.CIV.P. 12(b)(6) for Failure to State a Claim and for Improper Joinder (Doc. No. 26) ("Motion"). Plaintiff U.S. Ethernet Innovation LLC ("USEI") filed a Response (Doc. No. 29), to which Oki Data filed a Reply (Doc. No. 30) and USEI filed a Sur-Reply (Doc. No. 35). Upon consideration, the Court **RECOMMENDS DENYING** the Motion.

**BACKGROUND**

USEI filed its original complaint for patent infringement against Oki Data on June 22, 2012. (Doc. No. 1) ("COMPLAINT"). Specifically, the complaint accuses Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Austin Semiconductor, LLC (collectively "Samsung"); and Oki Data of infringing U.S. Patent Nos. 5,732,094 (the "'094 Patent"), 5,434,872 (the "'872 Patent"), 5,530,874 (the "'874 Patent"), and 5,299,313 (the "'313 Patent") (collectively "patents-in-suit"). COMPLAINT at 1. On August 22, 2012, Oki Data brought the instant motion seeking dismissal of

USEI's complaint for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) and for improper

joinder. (Doc. No. 26).

## DISCUSSION

The major premise for Oki Data's instant motion is that USEI falsely alleges that certain

Oki Data Accused Products incorporate accused Samsung "System-on-Chips." *See* MOTION at 3

("this allegation is false—the Oki Data Accused Products do not use *any* Samsung System-on-

Chips, accused or otherwise.") (emphasis in original). Oki Data even attaches a declaration to the

instant motion to demonstrate the falsity of that allegation. MOTION at 5, Ex. A. As an initial

matter, the Court declines to inquire into the truth of the allegations asserted in the complaint as

Oki Data requests. *See EPCO Carbon Dioxide Prods. Inc. v. JP Morgan Chase Bank*, 467 F.3d

466, 467 (5th Cir. 2006) ("the allegations in the complaint must be liberally construed in favor of

the plaintiff, and all facts pleaded in the complaint must be taken as true.")  Oki Data

acknowledges its declaration is outside the pleadings and even cites authority that the factual

matter in the complaint must be accepted as true to support its own position. *See* Motion at 4, 6

(citing and quoting *Twombly* "the complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face'" (566 U.S. at 570); "[a]lthough this

12(b)(6) motion stands on its own apart from the declaration attached as Exhibit A…").

To the extent Oki Data challenges the complaint as asserting insufficient factual matter

related to Oki Data's incorporation of "System-on-Chips," the Court finds that argument

insufficient to warrant dismissal. To support a 12(b)(6) dismissal, Oki Data argues that USEI

fails to allege the Samsung "System-on-Chips" are functionally integrated into the Oki Data

accused products and fails to specifically allege which of the Samsung "System-on-Chips" are

integrated. However, USEI does allege the "System-on-Chips" are functionally integrated, and

appears to point to those products with a level of specificity that satisfies prudent pleading standards. *See* COMPLAINT at 5 ("Samsung further imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit either alone or *functionally integrated* into host systems (such as one or more of the Samsung Accused Systems and/or the Oki Data Accused Products) including, without limitation, products employing Ethernet technology similar to that found in the Samsung S3C2510 and/or *S3C4510 System-on-Chips…*") (emphasis added). Accordingly, USEI's allegation forms the basis of a plausible claim for relief when taken as true. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")

Finally, taking the allegations as true, the Court finds that Samsung and Oki Data are properly joined under the Leahy-Smith America Invents Act ("AIA"). The AIA sets forth two prongs for determining proper joinder of accused infringers:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. §299 (2011).

Here, Oki Data relies on *Motorola Mobility* to support its position that Samsung and Oki Data are not properly joined. MOTION at 9. In *Motorola Mobility*, the court held that HTC and Motorola were not properly joined because they were competitors whose respective accused Android software was not the same. C.A. No. 1:12-cv-20271-RNS, 2012 WL 3113932, at *4 (S.D. Fla. July 31, 2012). Oki Data merely relies on the fact that Oki Data and Samsung are

competitors to apply this case law to the present situation, and thereby misses an important distinction: in the present case, USEI accuses Oki Data's products that allegedly functionally integrate Samsung "System-on-Chips" of infringement. Put simply, on this allegation, we are not talking about similar products as was the case in *Motorola Mobility*, we are talking about the *same product*—an Oki Data accused product that functionally integrates Samsung "System-on-Chips." The Court finds that this allegation, taken as true, satisfies the "same product" prong of the AIA joinder standard. Naturally, as Samsung and Oki Data are the only Defendants in this civil action, there are undoubtedly common questions of fact related to the alleged integration of the "System-on-Chips." That is, for the accused integrated products, questions of fact regarding integration will be common to both Samsung and Oki Data. Accordingly, the Court finds the second joinder prong is also satisfied, and joinder is proper under the AIA.[1]

Therefore, for the reasons stated herein, the Court **RECOMMENDS DENYING** Oki Data's Motion to Dismiss.

## CONCLUSION

For all the foregoing reasons, the Court **RECOMMENDS** that Oki Data's Motion be **DENIED**. Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of

---

[1] As the instant request to dismiss for improper joinder was brought by Oki Data in conjunction with a 12(b)(6) request to dismiss for failure to state a claim, the Court has resolved this matter on the pleadings pursuant to Oki Data's motion practice. Should facts arise during discovery that would re-urge the Court's evaluation of joinder, Oki Data is free to present those to the Court at the proper time.

unobjected-to factual findings and legal conclusions accepted and adopted by the district court.

*Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 6th day of February, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE