# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br> AMERICA, LLC, SAMSUNG AUSTIN <br> SEMICONDUCTOR, LLC, AND <br> OKI DATA AMERICAS, INC. <br><br> Defendants. | C.A. No. 6:12-cv-398-MHS-JDL |

## OKI DATA AMERICAS, INC.'S OBJECTIONS TO MAGISTRATE JUDGE LOVE'S REPORT AND RECOMMENDATION (D.I. 48)

U.S. Ethernet Innovations, LLC ("USEI") did not specifically accuse any Oki Data Americas, Inc. ("Oki Data") product of infringement, and therefore USEI's complaint does not comply with the pleading requirements of *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure. Magistrate Judge Love's Report and Recommendation (the "Report") does not address USEI's deliberate decision to draft a complaint that failed to include specific allegations of infringement. Instead, the Report improperly focuses on Oki Data's citation to a factual declaration, despite Oki Data's express representation that its "12(b)(6) motion stands on its own apart from the declaration[.]" (D.I. 26 at 6). Likewise, the Report does not address the crux of Oki Data's improper joinder argument: once USEI's threadbare infringement allegations are disregarded as required by *Iqbal*, USEI's complaint contains no factual support for joining Samsung and Oki Data under 35 U.S.C. § 299.

Thus, pursuant to Federal Rule of Civil Procedure 72(b), Oki Data respectfully objects to the Report and asks the Court to dismiss USEI's complaint against Oki Data.

I. **The Report Does Not Address USEI's Failure to Accuse Any Specific Product of Infringement.**

The Report incorrectly states that "USEI does allege the 'System-on-Chips' are functionally integrated" into the Oki Data Accused Products and that USEI "appears to point to [the accused System-on-Chips] with a level of specificity that satisfies prudent pleading standards." (D.I. 48 at 2-3). In fact, USEI did not identify which Samsung System-on-Chips, if any, are allegedly incorporated into the Oki Data Accused Products, nor did it identify which Oki Data Accused Products, if any, allegedly incorporate these unidentified System-on-Chips. Instead, USEI suggested that certain unidentified Samsung "products employing Ethernet technology *similar to* that found in the Samsung S3C2510 and/or S3C4510 System-on-Chips" may be "functionally integrated into host systems (*such as* one or more of the Samsung Accused Systems and/or the Oki Data Accused Products)[.]" (D.I. 1 at 5) (emphasis added). Likewise, USEI did not specifically accuse any Oki Data product of infringement, but rather accused unidentified Oki Data "products employing Ethernet technology *similar to* that found in" certain Oki Data printers "*embody[ing]* one or more claims of the patents-in-suit." (*Id.*) (emphasis added). The accusation against Oki Data is insufficient because a statement that a product is "similar to" an Oki Data printer is not the equivalent of stating the product is an Oki Data printer. Furthermore, the accusation that the products "*embody* one or more claims" is not the equivalent of an accusation that a specific product "*infringes* one or more claims."

Such threadbare allegations are insufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). USEI's complaint does not even comply with Form 18, which requires a patent holder to at least identify an accused product and allege that it infringes the patent. *See* Fed. R. Civ. P. Form 18. Thus, USEI's infringement allegations "do not permit the court to infer more than the mere possibility of misconduct," and therefore "the complaint has alleged—but it has not 'show[n]'—'that [USEI] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

USEI has tried to excuse its failure to plead the fundamental elements of patent infringement by characterizing Oki Data's argument as "hyper-technical." But it was USEI, not Oki Data, that deliberately drafted its infringement allegations using nebulous language like "similar to" and "such as," and avoided making *any* specific allegations of infringement against specific accused products (which should have been a simple matter if USEI had conducted an adequate pre-suit investigation). Oki Data should not be prejudiced by USEI's calculated pleading strategy, and it is not "hyper-technical" to ask USEI to comply with its obligation to set forth specific allegations against which Oki Data can defend itself. *See Iqbal*, 555 U.S. at 678-79 (Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## II. The Report Improperly Focuses on Oki Data's Declaration

Oki Data has not asked the Court "to inquire into the truth of the allegations asserted in the complaint" (D.I. 48 at 2); rather, as set forth above, it has asked the Court to recognize USEI's infringement allegations as "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. As Oki Data stated in its reply, "[t]he Court does not need to resort to declarations or permit discovery to rule for Oki Data under Federal Rule of Civil Procedure 12(b)(6)." (D.I. 30 at 1). The Court need only look to the complaint itself, where

3

USEI's infringement allegations are facially insufficient to "allow[ ] the court to draw the reasonable inference that [Oki Data] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Thus, Oki Data's motion to dismiss "stands on its own apart from the declaration[.]" (D.I. 26 at 6). The Report is therefore incorrect in characterizing "[t]he major premise for Oki Data's instant motion" as whether, as a factual matter, "USEI falsely alleges that certain Oki Data Accused Products incorporate the accused Samsung 'System-on-Chips.'" (*See* D.I. 48 at 2). As noted above, the central premise of Oki Data's motion to dismiss under Rule 12(b)(6) is (as it must be) the inadequacy of USEI's complaint. When considered in the proper context, USEI's complaint is fatally deficient and should be dismissed.

### III. USEI's Threadbare Infringement Allegations Should Have Been Disregarded in Deciding Oki Data's Motion to Dismiss for Improper Joinder.

In considering Oki Data's motion to dismiss, the Report improperly accepts USEI's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" as true. *Iqbal*, 556 U.S. at 678; (*See* D.I. 48 at 4). As discussed above, USEI implies that certain System-on-Chips are "functionally integrated into" certain Oki Data Accused Products, but does not specifically identify which System-on-Chips, if any, are incorporated into any specific Oki Data product. Thus, USEI's infringement allegations amount to nothing more than unsupported legal conclusions, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable[.]" *Iqbal*, 556 U.S. at 678. The Report should have disregarded USEI's threadbare infringement allegations, not "taken [them] as true[.]" (*See* D.I. 48 at 4).

When USEI's infringement allegations are discarded as required by *Iqbal*, the Court is left with a situation that is directly analogous to the competitive landscape at issue in *Motorola Mobility, Inc. v. Apple Inc.*, C.A. No. 12-20271-RNS, 2012 WL 3113932 (S.D. Fla. July 31, 2012). Two competitors are accused of infringing the same patent, and the only apparent basis for joinder under

4

35 U.S.C. § 299 is USEI's implication, without any specific allegation, that some of the Oki Data Accused Products incorporate "products employing Ethernet technology *similar to* that found in" certain Samsung System-on-Chips. (D.I. 1 at 5) (emphasis added). Thus, as in *Motorola Mobility*, the only thread connecting Samsung and Oki Data in USEI's complaint is the allegation that the products accused of infringement are "related in some technical aspect" (*i.e.,* they somehow allegedly incorporate products that employ Ethernet technology). *See Motorola Mobility*, 2012 WL 3113932, at *4. Such a tenuous connection "does not satisfy the joinder standards of the AIA." *Id.*

## CONCLUSION

For the foregoing reasons, Oki Data respectfully requests that the Court decline to adopt the Report and dismiss USEI's complaint against Oki Data.

Respectfully submitted,

Dated: February 20, 2013

Michael Charles Smith
SIEBMAN BURG PHILLIPS & SMITH, LLP
P O Box 1556
Marshall, TX 75671-1556
Telephone: (903) 938-8900
Fax: (972) 767-4620
michaelsmith@siebman.com

Marc R. Labgold
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive
Suite 110
Reston, VA 20191
Telephone: (703) 901-8860
mlabgold@labgoldlaw.com

*Attorneys for Oki Data Americas, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 20th day of February, 2013. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ Michael C. Smith
Michael C. Smith