# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Samsung Electronics Co., LTD, ) <br> Samsung Electronics America, Inc., Samsung ) <br> Telecommunications America, LLC; ) <br> Samsung Austin Semiconductor, LLC, and ) <br> Oki Data Americas, Inc., ) <br> ) <br> Defendants. ) | Civil Action No. 6:12-CV-398 <br><br> **JURY TRIAL DEMANDED** |

## OKI DATA AMERICAS, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF USEI'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Oki Data Americas, Inc. ("Oki Data"), by and through its undersigned counsel, hereby responds to U.S. Ethernet Innovations, LLC's ("USEI") Complaint for patent infringement. Oki Data specifically denies all allegations not expressly admitted below.

## NATURE OF THE ACTION

1. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Denied.

3. Oki Data admits that USEI seeks damages in this case. Oki Data denies that it has infringed or is infringing U.S. Patent Nos. 5,732,094 ("the '094 patent"); 5,434,872 ("the '872

patent"); 5,530,874 ("the '874 patent"); or 5,299,313 ("the '313 patent") (collectively, the "Patents-in-Suit") or that USEI is entitled to any such damages.

## PARTIES

4. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6. Oki Data admits it is incorporated in Delaware and its principal place of business is at 2000 Bishops Gate Blvd., Mt. Laurel, NJ 08054 and that its registered agent is The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

## JURISDICTION AND VENUE

7. Oki Data admits that USEI's Complaint purports to be an action under the patent laws of Title 35 of the United States Code. Oki Data denies that it has committed patent infringement or that USEI is entitled to the relief sought.

8. Admitted.

9. Oki Data does not contest venue is proper for purposes of this action only, but denies that this venue is most convenient.

10. Oki Data does not contest the Court may exercise personal jurisdiction in this case only. Oki Data denies the remaining allegations contained in Paragraph 10 of the Complaint.

## PATENTS-IN-SUIT

11. Oki Data admits that a copy of the '094 patent, entitled "Method for Automatic Initiation of Data Transmission," appears to be included as Exhibit A of the Complaint. Oki Data admits that on its face, the '094 patent issued to 3Com Corporation on March 24, 1998 and that the named inventors are Brian Peterson, David R. Brown, and W. Paul Sherer. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12. Oki Data admits that a copy of the '872 patent, entitled "Apparatus for Automatic Initiation of Data Transmission," appears to be attached as Exhibit B of the Complaint. Oki Data admits that on its face the '872 patent issued to 3Com Corporation on July 18, 1995 and that the named inventors are Brian Peterson, David R. Brown, and W. Paul Sherer. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13. Oki Data admits that a copy of the '874 patent, entitled "Network Adapter with an Indication Signal Mask and an Interrupt Signal Mask," appears to be included as Exhibit C to the Complaint. Oki Data admits that on its face, the '874 issued to 3Com Corporation on June 25, 1996 and that the named inventors are Scott A. Emery, Paul Emerson, and W. Paul Sherer. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. Oki Data admits that a copy of the '313 patent, entitled "Network Interface with Host Independent Buffer Management," appears to be included as Exhibit D of the Complaint. Oki Data admits that on its face, the '313 patent issued to 3Com Corporation on March 29, 1994 and that the named inventors are Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or

veracity of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

16. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

## ACCUSED PRODUCTS

16. Oki Data admits that it imports, sells, and offers for sale the Microline and OKIPOS 407ii printers, but denies that those products infringe the Patents-in-Suit. Oki Data denies the remaining allegations contained within Paragraph 16 of the Complaint.

17. To the extent that the allegations of paragraph 17 of the Complaint allege that a "Samsung Accused System: or "Samsung Accused Product" is "functionally integrated into an "Oki Data Accused Product," Oki Data denies. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

## COUNT I
## INFRINGEMENT OF THE '094 PATENT

18. Oki Data incorporates by references its responses to Paragraphs 1-17, above, as if fully set forth herein.

19. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 19 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, or Samsung Austin

Semiconductor, LLC, (collectively, the "Samsung Entities") contained in Paragraph 19 of the Complaint, and therefore denies them.

20. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 20 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 20 of the Complaint, and therefore denies them.

21. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 21 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 21 of the Complaint, and therefore denies them.

22. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 22 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 22 of the Complaint, and therefore denies them.

## COUNT II
## INFRINGEMENT OF THE '872 PATENT

23. Oki Data incorporates by reference its answers to Paragraphs 1-22, above, as if fully set forth herein.

24. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 24 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 24 of the Complaint, and therefore denies them.

25. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 25 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 25 of the Complaint, and therefore denies them.

26. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 26 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 26 of the Complaint, and therefore denies them.

27. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 27 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 27 of the Complaint, and therefore denies them.

## COUNT III
## PATENT INFRINGEMENT OF THE '874 PATENT

28. Oki Data incorporates by reference its answers to Paragraphs 1-27, above, as if fully set forth herein.

29. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 29 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 29 of the Complaint, and therefore denies them.

30. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 30 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the

truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 30 of the Complaint, and therefore denies them.

31. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 31 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 31 of the Complaint, and therefore denies them.

32. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 32 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 32 of the Complaint, and therefore denies them.

**COUNT IV**
**PATENT INFRINGEMENT OF THE '313 PATENT**

33. Oki Data incorporates by reference its answers to Paragraphs 1-32, above, as if fully set forth herein.

34. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 34 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 34 of the Complaint, and therefore denies them.

35. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 35 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 35 of the Complaint, and therefore denies them.

36. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 36 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 36 of the Complaint, and therefore denies them.

37. Oki Data denies the allegations with respect to Oki Data contained in Paragraph 37 of the Complaint. Oki Data lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations with respect to the Samsung Entities contained in Paragraph 37 of the Complaint, and therefore denies them.

**PRAYER FOR RELIEF**

38. Oki Data denies that USEI is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

**JURY TRIAL**

39. Oki Data acknowledges that USEI has requested a jury trial. Likewise, Oki Data demands a jury trial on issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

40. Subject to the responses above, Oki Data contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these affirmative defenses, Oki Data does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the affirmative and other defenses described below, and subject to the responses above, Oki Data intends to conduct

discovery pursuant to Rule 8(c), and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

**FIRST DEFENSE**
**NON-INFRINGEMENT OF THE '094 PATENT**

41. Oki Data has not infringed and does not infringe any valid enforceable claim of the '094 patent under any theory of infringement.

**SECOND DEFENSE**
**INVALIDITY OF THE '094 PATENT**

42. The '094 patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

**THIRD DEFENSE**
**NON-INFRINGEMENT OF THE '872 PATENT**

43. Oki Data has not infringed and does not infringe any valid enforceable claim of the '872 patent under any theory of infringement.

**FOURTH DEFENSE**
**INVALIDITY OF THE '872 PATENT**

44. The '872 patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

**FIFTH DEFENSE**
**NON-INFRINGEMENT OF THE '874 PATENT**

45. Oki Data has not infringed and does not infringe any valid enforceable claim of the '874 patent under any theory of infringement.

## SIXTH DEFENSE
## INVALIDITY OF THE '874 PATENT

46. The '874 patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

## SEVENTH DEFENSE
## NON-INFRINGEMENT OF THE '313 PATENT

47. Oki Data has not infringed and does not infringe any valid enforceable claim of the '313 patent under any theory of infringement.

## EIGHTH DEFENSE
## INVALIDITY OF THE '313 PATENT

48. The '313 patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

## NINTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL

49. By reason of the prior art and/or statements and representations made to the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patents-in-Suit, their claims are so limited that they cannot properly be construed as covering any activity or product of Oki Data.

## TENTH DEFENSE
## LACHES, WAIVER, AND ESTOPPEL

50. USEI's claims for relief are barred or limited in whole or in part by the equitable doctrines of laches, waiver, and estoppel.

## ELEVENTH DEFENSE
## NO INJUNCTIVE RELIEF

51. USEI's claims for injunctive relief are barred because there exists an adequate remedy at law for USEI's allegations, and USEI's claims otherwise fail to meet the requirements for such relief.

## TWELTH DEFENSE
## FAILURE TO MARK

52. USEI is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

## THIRTEENTH DEFENSE
## LIMITATION ON COSTS

53. USEI is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## FOURTEENTH DEFENSE
## USE/MANUFACTURE FOR UNITED STATES GOVERNMENT

54. To the extent that any accused product or method has been used or manufactured by or for the United States, USEI's claims and demands for relief are barred by 28 U.S.C. § 1498.

## FIFTEENTH DEFENSE
## LIMITATION ON DAMAGES

55. USEI's recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its original complaint, pursuant to 35 U.S.C. § 286.

## SIXTEENTH DEFENSE
## FAILURE TO STATE A CLAIM

56. The Complaint fails to state any claim upon which relief may be granted against Oki Data.

## SEVENTEENTH DEFENSE
## LICENSE / EXHAUSTION

57. USEI's attempted enforcement of the Patents-in-Suit against Oki Data is barred by express or implied license, release, and/or by the doctrine of patent exhaustion.

## PRAYER FOR RELIEF

Wherefore, Oki Data prays for judgment as follows

A. A declaration that Oki Data has not infringed and does not infringe any valid or enforceable claim of the Patents-in-Suit;

B. A declaration that the Patents-in-suit are invalid;

C. A declaration that USEI take nothing by its Complaint;

D. A declaration enjoining USEI, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening Oki Data, or any of its customers, dealers, agents,

servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the Patents-in-suit;

E. A judgment against USEI and in favor of Oki Data on the Counterclaims;

F. Dismissal of the claims with prejudice;

G. A declaration that this case is exceptional and an award to Oki Data of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

H. A judgment limiting or barring USEI's ability to enforce the Patents-in-suit in equity; and

I. Any further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Oki Data respectfully demands a trial by jury on all issues so triable.

Dated: April 1, 2013		By: */s/ Michael C. Smith*
	Marc R. Labgold, Ph.D.
	Patrick J. Hoeffner
	NAGASHIMA & HASHIMOTO
	12007 Sunrise Valley Drive
	Suite 110
	Reston, VA 20191
	Telephone: (703) 901-8860
	mlabgold@labgoldlaw.com

	Michael Charles Smith
	SIEBMAN BURG PHILLIPS & SMITH, LLP
	P O Box 1556
	Marshall, TX 75671-1556
	Telephone: (903) 938-8900
	Fax: (972) 767-4620
	michaelsmith@siebman.com

	***ATTORNEYS FOR OKI DATA AMERICAS, INC.***

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      */s/<u>Michael C. Smith</u>*